UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE C. SIMPSON,

      Plaintiff,

v.              Case No. 19-cv-1222-pp

CAPTAIN VANLANEN,
SUE PETERS, and CAPTAIN BAUMAN,

      Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 89) AND DIRECTING CLERK TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ALL SUPPORTING DOCUMENTS (DKT. NOS. 84–87)**

  Plaintiff Willie C. Simpson, who is representing himself, is proceeding under 42 U.S.C. §1983 on Eighth Amendment claims against officials at Green Bay Correctional Institution. On August 15, 2022, the court granted the defendants' motions for partial summary judgment and dismissed defendants Jean Lutsey and John Roe. Dkt. No. 98. In the meantime, on May 2, 2022, the plaintiff filed a motion for summary judgment on the merits of his claims. Dkt. No. 84. Defendants Vanlanen and Bauman object to the plaintiff's motion and move the court to strike it. Dkt. No. 89. They assert that the Seventh Circuit Court of Appeals barred the plaintiff from "filing any papers in civil suits in this circuit until he paid a fine and directed that any papers that he submits be returned unfiled." Id. at 1. The plaintiff opposes the motion. Dkt. No. 95. The court will grant the defendants' motion and strike the plaintiff's motion for summary judgment in accordance with the Seventh Circuit's filing ban.

## I. Background

### A. Procedural History

As the court noted in a previous order, the plaintiff originally filed this lawsuit in Dane County Circuit Court. Dkt. No. 23 at 1. The plaintiff could not have filed this lawsuit in a Wisconsin federal court because, at the time, the Seventh Circuit had barred him "from filing further civil suits in the courts of this circuit" until he paid a $1,000 sanction. Id. at 11 (citing Dkt. No. 22-2 at 2). The defendants removed the case to federal court in the Western District of Wisconsin, and Chief Judge James Peterson granted the defendants' motion to transfer the case to the Eastern District of Wisconsin. Id. at 1–2. On November 6, 2020, the plaintiff paid the $1,000 sanction, and his filing restriction was automatically lifted. Dkt. No. 51 at 4 (citing Seventh Circuit Case No. 16-3436, Dkt. Nos. 22, 23-1 and 24-1).

On November 22, 2021, this court entered a scheduling order setting deadlines for this litigation. Dkt. No. 58. Relevant here, the court ordered that "[p]arties may file motions for summary judgment on the merits, together with supporting materials, no later than May 23, 2022." Id. at ¶2 (bolding omitted). The court also "advise[d] the plaintiff that failure to [timely file documents] or otherwise comply with the court's orders may result in the dismissal of this case for failure to prosecute." Id. at ¶3.

On May 2, 2022, the plaintiff filed a motion for summary judgment, a brief, proposed findings of fact and an affidavit in support of the motion. Dkt. Nos. 84–87. On May 20, 2022, the defendants moved to strike the plaintiff's

motion and to stay their deadline to file a motion for summary judgment on the merits. Dkt. Nos. 88–89. On May 23, 2022, the court granted the defendants' motion to stay the summary judgment deadlines pending the court's resolution of the defendants' motions for summary judgment on exhaustion grounds (dkt. nos. 66, 69). Dkt. No. 94. The court ordered that it "[would] set a new deadline for dispositive motions after it enter[ed] an order resolving the defendants' motions for summary judgment on exhaustion grounds." Id. The court further stated that it "w[ould] set a new deadline for the defendants to respond to the plaintiff's motion for summary judgment, if necessary, after it rule[d] on the defendants' motion to strike (dkt. no. 89)." Id.

B.     The Defendants' Motion to Strike (Dkt. No. 89)

This is the defendants' second request to strike the plaintiff's filings. Dkt. Nos. 22, 89. The court denied their previous motion because it was not clear whether the Seventh Circuit's active filing bar applied at that time to a case like this one, where the plaintiff filed a lawsuit in state court and the defendants removed the case to federal court. Dkt. No. 23 at 11. The court later denied the defendants' motion to reconsider that ruling because by then, the plaintiff had paid the $1,000 sanction and was no longer subject to a filing restriction. Dkt. No. 51 at 4, 19.

The defendants explain, however, that on March 19, 2021, the Seventh Circuit imposed a new filing ban on the plaintiff. Dkt. No. 89 at 3–4; Dkt. No. 90-2. In Simpson v. Litcher, Seventh Cir. Case No. 20-3293 (7th Cir. Mar. 19, 2021), the Seventh Circuit sanctioned the plaintiff $1,000 "for filing [a]

3

frivolous appeal objecting to the implementation of his criminal sentence after th[e] court previously warned and sanctioned him for bringing frivolous challenges to the same sentence." Dkt. No. 90-2 at 1. The Seventh Circuit ordered

> that unless and until [the plaintiff] pays in full the sanction that has been imposed against him and all outstanding filing fees, the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by him or on his behalf. *See In re City of Chi.,* 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in *Mack,* exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus, *See Mack,* 45 F.3d at 186-87.

Id. at 2. The plaintiff did not inform the court of this new filing restriction.

The defendants assert that Seventh Circuit law "makes clear that, when a plaintiff with a Seventh Circuit *Mack* filing ban files a complaint in state court, and the defendants have an absolute right to remove the case to federal court, the filing ban prevents the plaintiff from filing proactive motions or filings." Dkt. No. 89 at 4–5 (citing In re Matter of Skupniewitz, 73 F.3d 702, 705 (7th Cir. 1996)). They assert that Mack and Skupniewitz "prohibit[] the plaintiff from filing papers except 'in a purely defensive mode' or 'in response to any motion made by the defendants which could result in a final judgment.'" Id. at 5 (quoting Skupniewitz, 73 F.3d at 705–06).

In Skupniewitz, the Seventh Circuit explained that a filing ban under Mack did not, and could not, "abrogate the statutory rights of" defendants to petition for removal of a lawsuit from state court to federal district court. Skupniewitz, 73 F.3d at 705. Nor does such a ban prohibit a restricted filer

4

from "filing papers in a purely defensive mode, where he is cast as a defendant or respondent," or from filing papers "in a case in which he was a criminal defendant." Id. But the restricted filer could not file "offensive" pleadings in which he was the plaintiff or movant, such as "his own petition for a writ of mandamus, motion for change of venue, or motion for production of documents." Id. The Seventh Circuit remanded the appeal to the district court to allow the restricted filer "to file a response to any motion made by the defendants which could result in a final judgment." Id. at 706. The court emphasized that the decision in Mack "clearly prohibits [the restricted filer] from initiating complaints, petitions, or motions until he complies with the court's sanction order." Id.

The defendants assert that this case is indistinguishable from Skupniewitz: The plaintiff filed his lawsuit in state court, and the defendants "properly removed this action from state court to this court." Dkt. No. 89 at 6. They cite the court's screening order to support their assertion that the plaintiff's "complaint contains purely questions of federal law." Id. at 7 (citing Dkt. No. 23). They assert that the Seventh Circuit's filing ban, which that court imposed after the defendants removed the case to federal court, "requires that the Court return any papers [the plaintiff] files that are not in response to a defense filing or a court order, as in *Skupniewitz*." Id. (citing In re City of Chicago, 500 F.3d 582, 585 (7th Cir. 2007) (holding that a filing ban entered in accordance with Mack is constitutional)).

The defendants also rely on cases from other district courts in the Seventh Circuit, including Jonassen v. True, No. 3:20-CV-00238-SMY, 2020 WL 6203233, at *1 (S.D. Ill. Oct. 22, 2020), which they characterize as "a nearly identical case to the present one." Dkt. No. 89 at 7. The plaintiff in Jonassen filed a complaint in Illinois state court alleging violations of his Eighth Amendment rights. Jonassen, 2020 WL 6203233, at *1. The defendants removed the case to the Southern District of Illinois under 28 U.S.C. §§1331 and 1441(a). Id. The district court noted that the Seventh Circuit had sanctioned Jonassen under Mack and entered an order very similar to the one entered against the plaintiff in this case:

> Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit in accordance with *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995), and any papers he submits will be returned unfiled. Moreover, any papers he submits attacking his current criminal conviction, including future collateral attacks, will also be returned unfiled.

Id. (citing United States v. Jonassen, App. Nos. 15-3831, 16-1040, 16-1092, 16-1214 (7th Cir. June 2, 2016)). The court determined that the defendants' removal of the case to federal court "was proper" because the plaintiff's "filing restriction did not abrogate the right of Defendants to remove the lawsuit from state to federal court." Id. (citing Skupniewitz, 73 F.3d at 705). The court explained that the plaintiff "cannot dodge the filing restriction by filing an action in state court and waiting for the defendant to remove it." Id. The court concluded, "The fact that Plaintiff did not 'file' this suit in federal court is a 'distinction without a difference [that] skirts the clear ban on new civil actions

6

by [the plaintiff].'" Id. at *2 (quoting Oden, *et al.* v. True, No. 3:18-CV-600-NJR-GCS, 2019 WL 4750570, at *1 (S.D. Ill. Sept. 30, 2019)). The court refused to allow the plaintiff "to circumvent the filing restriction and dodge his filing fee obligations in federal court" by proceeding in the case. Id.

The defendants also cite Von Flowers v. Canziani, No. 04-C-892-C, 2004 WL 2810088 (W.D. Wis. Dec. 3, 2004). Dkt. No. 89 at 8. In Von Flowers, as in this case and Jonassen, the plaintiff filed a lawsuit in state court while he was subject to a Seventh Circuit filing restriction, and the defendants properly removed the case to federal court. Von Flowers, 2004 WL 2810088, at *1. The defendants then asked the court to dismiss the lawsuit under Skupniewitz, asserting that the plaintiff was not permitted to prosecute in federal court. Id. The defendants alternatively moved to dismiss on grounds of *res judicata*. The court reviewed Mack and Skupniewitz and concluded that the plaintiff was not prohibited from *responding* to the defendant's motion to dismiss. Id. at *2. But the court noted that if the plaintiff "attempts to file any motions, amended pleadings, or other papers unrelated to the motion to dismiss, they will be returned to him in accordance with the sanction order in force against him." Id.

Based on those cases, the defendants ask the court to enforce the plaintiff's filing restriction under Mack and return to him "any motions, amended pleadings, or other papers [the plaintiff] files that are not in response to a defense motion or a Court order requiring [him] to respond." Dkt. No. 89 at 8. They ask the court to strike the plaintiff's motion for summary judgment and his supporting documents. Id.

C. The Plaintiff's Response (Dkt. No. 95)

The plaintiff asserts that the court should not strike his motion for summary judgment because that motion falls under an "exception" to his March 19, 2021 filing bar. Dkt. No. 95 at 3. The plaintiff says that in its November 22, 2021 scheduling order, the court "ordered plaintiff to file motion for summary judgment by May 23, 2022." Id. (citing Dkt. No. 58 at ¶2). The plaintiff asserts that the court "warned plaintiff that if plaintiff fail to make timely submissions or comply with court orders, it may result in the dismissal of the case for failure to prosecute." Id. at 4 (citing Dkt. No. 58 at ¶3). He insists that his motion for summary judgment "is in response to" the court's scheduling order directing him to file the motion by May 23, 2022, and thus that the filing restriction does not prohibit him from filing it. Id.

The plaintiff also challenges the defendants' motion to stay the case pending the court's decision on the defendants' earlier motions. Id. at 4–5. The court previously granted the defendants' motion for a stay and stayed their deadline to file a dispositive motion. Dkt. No. 94. This argument is moot and the court will not discuss it further.

**II. Analysis**

The defendants assert that the Seventh Circuit's filing bar prohibits the plaintiff from filing any motion as the plaintiff or movant but does not prohibit him from responding to a motion that the defendants file. The Seventh Circuit said as much in Skupniewitz, where it held that a filer who had the same Mack filing bar as the plaintiff could "file a response to any motion made by the


8

Case 2:19-cv-01222-PP   Filed 10/04/22   Page 8 of 12   Document 99

defendants which could result in a final judgment" but could not "initiat[e] complaints, petitions, *or motions* until he complies with the court's sanction order." Skupniewitz, 73 F.3d at 705 (emphasis added).

The defendants also present persuasive authority from factually indistinguishable cases in other courts in this circuit. Courts in the Southern District of Illinois and the Western District of Wisconsin have concluded that a plaintiff who has a Mack filing bar may not "dodge the filing restriction by filing an action in state court and waiting for the defendant to remove it" and then litigate his action in the federal court in which he is barred from filing a new civil action. Jonassen, 2020 WL 6203233, at *1. The restricted filer may respond to motions that the defendants file in the removed case, but he may not "*file any motions*, amended pleadings, or other papers." Von Flowers, 2004 WL 2810088, at *2 (emphasis added).

The plaintiff did not file his civil lawsuit in this court or in the Western District of Wisconsin. He filed it in Wisconsin state court, and the defendants properly removed it to federal court. But that "is a 'distinction without a difference [that] skirts the clear ban on new civil actions.'" Jonassen, 2020 WL 6203233, at *2 (quoting Oden, 2019 WL 4750570, at *1). The letter of the Seventh Circuit's order does not specify that the plaintiff is prohibited from filing cases in state court and waiting for the defendants to remove the action to federal court. But the spirit of that order bars him from proceeding in this case unless he "is filing papers in a purely defensive mode." Skupniewitz, 73 F.3d at 705.

9

The plaintiff does not dispute that he is again subject to a Seventh Circuit filing bar, and he does not indicate that he has paid the $1,000 sanction to have the bar lifted. Nor does he challenge the defendants' position that his filing restriction applies to proactive papers he tries to file in this case. Instead, he asserts that his motion for summary judgment falls within an "exception" to his filing restriction because this court "ordered" him to file the motion in the November 22, 2021 scheduling order. Dkt. No. 95.

The plaintiff is incorrect. The court did not order either party to file a dispositive motion. The court's scheduling order advised the parties that they "*may* file motions for summary judgment on the merits . . . [by] May 23, 2022." Dkt. No. 58 at ¶2 (emphasis added). The word "may" is permissive; the court's order *allowed* the parties to file dispositive motions and gave them a deadline to do so. "May" is not mandatory and did not *require* the parties to file a dispositive motion. The scheduling order gave the parties the option to file a dispositive motion and provided a deadline for filing one *if they chose to do so*. The plaintiff also misreads the court's warning that it might dismiss the case if the plaintiff failed "to make a timely submission or otherwise comply with the court's *orders*." Id. at ¶3 (emphasis added). This warning does not apply to permissive *options*, like the parties' option to file a dispositive motion. It applies only to the court's *orders* requiring the parties to take action. The court would not have dismissed this case if the plaintiff had not filed his motion for summary judgment, and it will not sanction the defendants if they choose not to file one.

If the court wanted to require the parties to file motions for summary judgment, it would have told them that they *must* or *shall* file those motions by a certain deadline. The court used the word "must" elsewhere in the scheduling order to advise the parties of what they were *required* to do. See, *e.g.*, id. at ¶1 ("The responding party *must* serve its answers and any objections within sixty days after being served with the discovery requests." (emphasis added)); id. ("Parties *must* serve their discovery requests by a date sufficiently early so that discovery is completed no later than April 22, 2022." (emphasis added, bolding omitted)). The court *required* the plaintiff to identify the proper name of the John Doe/Roe defendant by February 22, 2022, by telling him that he "*must* use discovery to identify the proper name of that defendant." Id. (emphasis added)). When the plaintiff failed to comply with that requirement, the court dismissed the Doe/Roe defendant, as it warned the plaintiff it would. Id. at ¶1 ("If the plaintiff does not identify the proper name of that defendant by February 22, 2022, the court may dismiss him from this case." (bolding omitted)); Dkt. No. 98 at 21–22. The court did not require any party to file a dispositive motion, evidenced by its use of the word "may" and not "must." Dkt. No. 58 at ¶¶1, 2.

The court concludes that the filing restriction imposed in Simpson v. Litcher, Seventh Circuit Case No. 20-3293 (7th Cir. Mar. 19, 2021) prohibits the plaintiff from filing a motion for summary judgment. The plaintiff's summary judgment motion does not fall under any exception to the filing bar. The plaintiff filed his motion for summary judgment as the plaintiff or movant.

He did not file it in response to a motion that the defendants had filed or to comply with an order of this court. The scheduling order did not order him (or the defendants) to file a summary judgment motion and neither party is required to file one. The court will strike the plaintiff's motion for summary judgment and his supporting documents. Dkt. Nos. 84–87. The court will order the Clerk of Court to return unfiled any future motions, pleadings or requests he attempts to file in this case in violation of his filing restriction.

### III. Conclusion

The court **GRANTS** the defendants' motion to strike the plaintiff's motion for summary judgment. Dkt. No. 89. The court **STRIKES** the plaintiff's motion for summary judgment and all supporting documents. Dkt. Nos. 84–87.

The court **ORDERS** that the clerk will return unfiled any non-defensive motions or other papers the plaintiff attempts to file in this lawsuit unless and until he provides proof that he has paid the $1,000 sanction and his filing restriction has been lifted.

The court will enter a separate order setting new deadlines for dispositive motions on the merits of the plaintiff's remaining claims.

Dated in Milwaukee, Wisconsin this 4th day of October, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**